UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THE TRUSTEES OF THE MICHIGAN MASONRY TRADES PENSION FUND f/k/a MICHIGAN BAC PENSION FUND et al.,<br><br>Plaintiffs,<br><br>v.<br><br>APUZ & CO. LLC and ANDREW PUZEVIC,<br><br>Defendants. | Case No. 26-12145<br>Honorable Laurie J. Michelson |

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND DIRECTING DEFENDANTS SUBMIT TO AUDIT [12]**

This is an ERISA case. Following a clerk's entry of default (ECF Nos. 10, 11), Plaintiffs filed a motion for default judgment. (ECF No. 12.) No response has been filed. Plaintiff's briefing alone supports the entry of default judgment on liability. (*Id.* at PageID.222–224.) More specifically, the unopposed motion demonstrates that the Court has jurisdiction, that defendants were properly served, and that the well-pled allegations in its complaint state a claim upon which relief may be granted. (*See id.*); *see also Ayers v. Receivables Performance Mgmt.*, L.L.C., No. 15-12082, 2016 WL 5402962, at *1–2 (E.D. Mich. Sept. 28, 2016) (granting default judgment after concluding that plaintiff made a prima facie showing of jurisdiction); *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) ("[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named

defendant"); *Gen. Conf. Corp. of Seventh-Day Adventists v. McGill*, 617 F.3d 402, 407 (6th Cir. 2010) (explaining that a plaintiff seeking a default judgment has the burden of establishing that the allegations in the complaint, taken as true, are sufficient to state a claim for relief); *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 845 (E. D. Mich. 2006) ("Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint, including jurisdictional averments." (quoting *In re Visioneering Constr.*, 661 F.2d 119, 124 (9th Cir. 1981))).

The Court further finds, however, that it requires more information on the actual damages amount sought. *See Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (explaining that "allegations in the complaint with respect to the amount of the damages are not deemed true" on a motion for default judgment and that the Court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty"). Plaintiffs say that an audit of Defendant's records is necessary to provide that clarity. (*Id.* at PageID.225 ("The Funds are . . . entitled to an amount to be determined by an audit.").) And according to Plaintiffs, the Collective Bargaining Agreements binding Apuz & Co. requires the company to make its books and records available for audit. (*Id.* at PageID.223.)

Accordingly, the Court hereby orders Defendant Apuz & Co. to submit to an audit of its books and records within 30 days of service of this order. *See Trs. of the Mich. Laborers' Pension Fund v. 5SN Commc'ns, LLC*, No. 23-12347, 2025 U.S. Dist. LEXIS 42000, at *4–5 (E.D. Mich. Mar. 7, 2025) (granting Plaintiffs' request for an audit to uncover all "unpaid contributions" in an ERISA case); *see also Trs. of the BAC*

*Loc. 23 N. Shore Chapter Pension Fund v. DiPaola Masonry, LLC*, No. 25- 2055, 2026 U.S. Dist. LEXIS 242397, at *4 (N.D. Ohio Oct. 22, 2026) (granting default judgment in an ERISA case after ordering an audit and supplemental briefing on the motion thereafter).

It is further ordered that within 30 days of receiving the results of this audit, Plaintiffs shall submit supplemental briefing to substantiate the amount of damages sought (including costs and fees, including the audit costs themselves) and a proposed default judgment containing the same.

Dated: November 20, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE